J-A29025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN J. VELTRE, JR., | |
| Appellant | No. 1989 WDA 2014 |

Appeal from the Order October 29, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-MD-0000002-1973

BEFORE: FORD ELLIOTT, P.J.E., BOWES AND MUSMANNO, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED OCTOBER 14, 2015**

John J. Veltre, Jr., appeals from the order denying him PCRA relief. We affirm.

On February 14, 1973, when he was sixteen years old, Appellant raped Alys Morgan, stomped on her head, and threw her against a wall. Appellant proceeded to kill Ms. Morgan's two-month old daughter and two-year old daughter. Ms. Morgan, who had known Appellant for two months prior to the murders, survived and identified him as the perpetrator of the crimes, and he confessed. A jury convicted Appellant of two counts of first degree murder and one count of rape and assault with intent to kill. Appellant received a sentence of life imprisonment without parole ("LWOP"), which our

Supreme Court affirmed on December 3, 1980. ***Commonwealth v. Veltre***, 424 A.2d 486 (Pa. 1980).

Appellant litigated an unsuccessful PCRA petition in 2010. Appellant filed the present PCRA petition in 2012 averring that his LWOP sentence was unconstitutional. ***See Miller v. Alabama***, 132 S.Ct. 2455 (2012) (mandatory sentence of LWOP cannot be imposed upon juvenile homicide offenders under Eighth Amendment). Counsel was appointed. The PCRA court stayed the PCRA proceeding until the Pennsylvania Supreme Court ruled on whether ***Miller*** would be given full retroactive effect to PCRA petitioners. Our Supreme Court decided that ***Miller*** would not be so applied in ***Commonwealth v. Cunningham***, 81 A.3d 1 (Pa. 2013).

Accordingly, the PCRA court dismissed the present PCRA petition as untimely. This appeal followed. Any PCRA petition must be filed within one year of when the PCRA petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the time for seeking direct review. 42 Pa.C.S. § 9545(b)(3). Appellant's ability to pursue direct review expired in 1981, and the present, 2012 petition is obviously untimely. There are three exceptions to this one-year time bar, and the one invoked by Appellant was the third one: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court

of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. 9545(b)(1)(iii).

*Miller* recognized a new Eighth Amendment constitutional right for juveniles. However, the second aspect of this exception cannot be satisfied by Appellant because that right has not been held by either the United States Supreme Court or the Pennsylvania Supreme Court to apply retroactively. Indeed, *Cunningham* ruled to the contrary. As we articulated in *Commonwealth v. Seskey*, 86 A.3d 237 (Pa.Super. 2014), only a decision by the United States Supreme Court or the Pennsylvania Supreme Court to render a new constitutional right retroactive is sufficient to invoke the third exception contained in § 9545((b)(1)(iii) to the one-year filing deadline for a PCRA petition. The PCRA court correctly dismissed the present PCRA petition as untimely because *Miller* has not yet received full retroactive effect by the appropriate court. *Sesky*, *supra*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015

- 3 -